JJD:MEM
F. #2015R00410

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N Y

★ JUN 18 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

IN RE APPLICATION OF
THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE USE OF
A PEN REGISTER AND A TRAP AND TRACE
DEVICE
- - - - - - - - - - - - - - - - - - - X

SEALED APPLICATION



Mark Misorek, an Assistant United States Attorney for the Eastern District of

New York, hereby applies to the Court for an Order pursuant to 18 U.S.C. §§ 3122 and 3123,

authorizing for a period of 60 days the installation and use of a pen register and a trap and

trace device on (516) 204-5414, a telephone issued by Verizon (the "service provider"),

subscribed to by JAMES FROST (the "SUBJECT TELEPHONE").

In support of this application I state the following:

1.      I am an Assistant United States Attorney in the Office of Kelly T.

Currie, Acting United States Attorney for the Eastern District of New York.  As such, I am

an "attorney for the Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal

Procedure, and therefore, pursuant to 18 U.S.C. § 3122, may apply for an Order authorizing

the installation and use of pen registers and trap and trace devices.

2.      The Court has authority to order the installation and use of a pen

register or a trap and trace device anywhere in the United States if the Court finds that the

attorney for the government has certified to the Court that the information likely to be

obtained is relevant to an ongoing criminal investigation.  18 U.S.C. §§ 3122 and 3123.  As

1

the United States Court of Appeals for the Second Circuit has explained, an application for a

pen register or trap and trace device

> need only identify the applicant and the investigating law
> enforcement agency and certify that "the information likely to
> be obtained is relevant to an ongoing criminal investigation
> being conducted by that agency." 18 U.S.C. § 3122(b)(2). The
> provision was not intended to require independent judicial
> review of relevance; rather, *the reviewing court need only verify
> the completeness of the certification.*

*In re United States*, 10 F.3d 931, 935 (2d Cir. 1993) (emphasis added); *accord In re*

*Applications*, 515 F. Supp. 2d 325, 329 (E.D.N.Y. 2007) (explaining "minimal requirement"

of Section 3122(b)).

      3.     Based on information provided to me by a Task Force Officer with the

Bureau of Alcohol, Tobacco, Firearms, and Explosives, Firearms Task Force, (the "investigative

agency"), I hereby certify that the investigative agency is conducting an ongoing criminal

investigation into possible violations of federal criminal laws, including narcotics trafficking

offenses in violation of 21 U.S.C. § 841, by JAMES FROST and others occurring in the

Eastern District of New York and elsewhere, and that the information likely to be obtained

from a pen register and trap and trace device on the SUBJECT TELEPHONE is relevant to

that investigation.

      4.     Based upon the above certification, the government requests that the

Court issue an Order that provides:

      a.     Pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for the

installation and use of a pen register to record or decode dialing, routing, addressing, or

signaling information — excluding the decoding of post-cut-through dialed digits

("PCTDD")[1] — transmitted from the SUBJECT TELEPHONE, to record the date and time of such dialings or transmissions, and to record the length of time the telephone receiver in question is "off the hook" for incoming or outgoing calls for a period of 60 days.

b. Pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for installation and use of a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating numbers or other dialing, routing, addressing, or signaling information reasonably likely to identify the sources of wire or electronic communications and to record the date, time and duration of calls created by such incoming impulses, for a period of 60 days, and that the tracing operations be without geographical limits.

c. Pursuant to 18 U.S.C. § 3123(b)(1)(C), authorization for the requested installation and use of a pen register and a trap and trace device to include the use of such a pen register and a trap and trace device on any changed telephone number assigned to an instrument bearing the same ESN, IMSI, or IMEI as the SUBJECT TELEPHONE, or any changed ESN, IMSI, or IMEI subsequently assigned to the same telephone number as the SUBJECT TELEPHONE, or any additional changed telephone number and/or ESN, IMSI, IMSI, or IMEI, whether the changes occur consecutively or simultaneously, listed to

---

[1] PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'" *In re Application*, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008). Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency. If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through. Thus no PCTDD will be decoded or accessed by anyone. *See id.* at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

the same subscriber and account number as the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

5.     The government further requests that the Court direct the service provider, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to notify detectives or special agents of the investigative agency, upon oral or written request, of any and all changes (including additions, deletions, and transfers) in service regarding the SUBJECT TELEPHONE, including telephone numbers and subscriber information (published and non-published, and excepting call detail records as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

6.     The government further requests that, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), the Court direct that, upon service of the Order upon them, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of the Order furnish the information, facilities, and technical assistance necessary to accomplish unobtrusively the installation and use of the pen register and trap and trace device with compensation to be paid by the investigative agency for reasonable expenses directly incurred in providing such facilities and assistance.

7.     The government further requests that the Order direct the service provider, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to furnish the results of the pen register and trap and trace device installations to task force officers or

special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

8.      Finally, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), the government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Order be ordered not to disclose to the listed subscriber of the telephone, or to any other person (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court. Any such disclosure might jeopardize this investigation because it would alert the target to the existence of an investigation and might lead to the destruction and/or concealment of evidence and/or the flight of target.

9.      No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. *See* 28 U.S.C. § 1746.

Dated: Central Islip, New York
          June 18, 2015

Mark Misorek
Assistant United States Attorney
(631) 715-7874

5